UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

```
FILED
SEP 10 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

YANNE VENIERIS,

        Plaintiff,

v.                                                          ACTION NO. 4:09cv118

BARACK HUSSIN OBAMA,

        Defendant.

## DISMISSAL ORDER

Plaintiff brings this pro se action to redress an alleged violation of his rights. Plaintiff seeks to hold Defendant President Obama responsible in this "follow up suit" for "being tortured by numerous governmental agencies." This action is one of nineteen suits Plaintiff recently filed in this court against government officials and entities arising from claims of governmental torture, including psychological and "germ" warfare against him and his family. This action is one of five suits against President Obama.

Plaintiff has submitted an affidavit in support of his Motion to Proceed *In Forma Pauperis*, indicating that he has no funds. Accordingly, the court will **GRANT** Plaintiff's application to proceed *in forma pauperis*, and the Complaint submitted by Plaintiff shall be **FILED**.

Based upon careful consideration of Plaintiff's pleadings, the court determines that dismissal of this action is appropriate under

28 U.S.C. § 1915(e)(2)(i). Section 1915(e)(2)(i) provides for the dismissal of a complaint that is frivolous. A case is frivolous if a plaintiff would not be entitled to relief under any arguable construction of law or fact. <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Boyce v. Alizaduh</u>, 595 F.2d 948, 952 (4th Cir. 1979). Under the *in forma pauperis* statute, § 1915, the court is "not bound ... to accept without question the truth of plaintiff's allegations" simply because they "cannot be rebutted by judicially noticeable facts." <u>Denton</u>, 504 U.S. at 33. Factual frivolousness includes allegations that are "clearly baseless," which means "fanciful," "fantastic," or "delusional." <u>Neitzke</u>, 490 U.S. at 325, 327-28. Legal frivolousness, on the other hand, allows the Court to dismiss a complaint if it is based on "an indisputably meritless legal theory .... Examples of [this] class are claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist ...." <u>Neitzke</u>, 490 U.S. at 327 (citation omitted).

Plaintiff's Complaint does not provide any detail about his claim, but the court takes judicial notice of Plaintiff's allegations in <u>Venieris v. Bush</u>, Action No. 4:09cv42, which contained greater detail about the issues concerning Plaintiff.[1] In that

---

[1]This court may take judicial notice of prior proceedings before it. <u>See</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239-40 (4th Cir. 1989); <u>see also</u> <u>Mann v. Peoples First Nat. Bank &</u>

action, Plaintiff brought suit against numerous individuals and government agencies, claiming that they:

> have conspired to drug him, to pay his family and friends to drug and torture him, and to ultimately kill him at the behest of President Bush's administration. He claims that he became an undercover drug dealer working for the FBI and DEA, and that now the government and his family are drugging him and engaging in psychological warfare against him so that he will appear to be a terrorist. He claims, <u>inter</u> <u>alia</u>, that a 'crew of no less than 20 government agents poison me constantly every where I go with spray.'

<u>Venieris v. Bush</u>, Action No. 4:09cv42, Dismissal Ord. entered Apr. 15, 2009 (citation omitted). The court dismissed Action No. 4:09cv42 as frivolous. The Complaint *sub judice* also meets the criteria of frivolousness.

In conclusion, Plaintiff would not be entitled to relief under any arguable construction of law or fact. Therefore, this case is hereby **DISMISSED** without prejudice to his filing a paid complaint.

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 2400 West Ave., Suite 100, Newport News, Virginia 23607. Said written notice must be received by the Clerk within sixty (60) days from the date of this Dismissal Order.

---

<u>Trust Co.</u>, 209 F.2d 570, 572 (4th Cir. 1954).

3

The Clerk is **DIRECTED** to forward a copy of this Dismissal Order to Plaintiff.

IT IS SO **ORDERED**.

/s/
Rebecca Beach Smith
United States District Judge

Norfolk, Virginia

September 10, 2009